UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AARON T. FLATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:21-CV-80-TAV-CHS |
| | ) |
| ELIZABETH STOUT, | ) |
| RANDALL HOOD, | ) |
| DYLAN SHETLEY, | ) |
| GARRETT COOK, | ) |
| ETHAN STACEY, and | ) |
| MATTHEW GREEVER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court is in receipt of prisoner's pro se complaint for violation of 42 U.S.C. § 1983 in which Plaintiff asserts that Defendants used excessive force against him [Doc. 3] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Tennessee Department of Correction, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir.

1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

On September 16, 2020, Plaintiff was in his cell in the Northeast Correctional Complex with his windows covered [Doc. 3 p. 2]. Officers knocked on the cell door and attempted to make verbal contact with Plaintiff, but he did not respond [*Id.*]. Accordingly, Defendants Stout, Hood, Shetley, Clark, Stacey, and Greever opened his cell door, at which point Plaintiff "attempted to charge out of the cell" [*Id.*]. But before Plaintiff made it out,

3

he was shot in the face with a taser, and the prongs of the taser hit him in left eye socket [*Id.*]. Officers took Plaintiff to the medical department, but the nurses were not comfortable removing the taser "prongs due to the[ir] close proximity to [Plaintiff's] eyeball," and therefore sent him to a hospital in Johnson City, where the doctor told Plaintiff he needed surgery because the taser prongs "went through [his] left bottom eye socket into the bone and sensitive tissue" [*Id.*]. Plaintiff had surgery on September 17, 2020, and eventually a doctor told him that he may not ever regain full function in his left eye [*Id.* at 3].

Plaintiff has sued each of the jail officials who opened his cell door [*Id.* at 1]. As relief, he seeks "proper extraction training," an apology, and five million dollars for his mental injuries, emotional distress, "prolonged physical damages, [and] invoked disabilities" [*Id.* at 6].

### C. Analysis

The Court takes judicial notice from the Tennessee Department of Correction's Felony Offender Information database, https://apps.tn.gov/foil-app/search.jsp, that Plaintiff was a convicted prisoner at the time of the incident underlying his complaint. As such, the Court construes Plaintiff's complaint to allege excessive force in violation of his rights under the Eighth Amendment.

In determining whether a prison official has violated the Eighth Amendment's prohibition against excessive force as to a convicted prisoner, courts apply a two-part inquiry: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the

4

subjective component; and (2) whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency," i.e., the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992). The subjective competent requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Id.* at 7. Moreover, the Sixth Circuit has cautioned that a prison official's decision to use force in response to a prisoner causing a disturbance is entitled to wide-ranging deference because "'prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance.'" *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002)).

Plaintiff's allegations do not state a valid claim for violation of the Eighth Amendment. First, Plaintiff's complaint does not indicate which Defendant shot the taser, or that any other Defendant(s) were personally involved in the decision to use the taser, and each Defendant can be liable under § 1983 only for his own actions. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (providing that "[e]ach defendant's liability must be assessed individually based on his own actions" (citation omitted)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

But even if Plaintiff had specified in his complaint which Defendant fired the taser at him, nothing in Plaintiff's complaint allows the Court to plausibly infer that this act was

5

malicious, sadistic, or intended to cause him harm. Specifically, as set forth above, Plaintiff acknowledges that he was sitting in his cell with his windows covered, failed to respond to officers' attempts to engage him by knocking on his cell door and verbally calling to him, and then "attempted to charge" Defendants when they opened his cell door. Also, as part of his requests for relief, Plaintiff seeks "proper extraction training," which indicates that even Plaintiff does not believe that the act of shooting him with a taser was intended to cause him harm, rather than a reaction to his attempt to charge Defendants. Thus, taken together, Plaintiff's factual allegations indicate that the taser shot underlying his complaint was part of a good faith effort to subdue him when he charged Defendants after he had failed to respond to their efforts to engage with him while his cell windows were covered. "[T]he good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (citing *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986)).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

6

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                              s/ Thomas A. Varlan
                              UNITED STATES DISTRICT JUDGE